**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW CARR, TERRY CARR, DAVID TUMBLIN, GREGORY BROWN, JAMES CHECCAS, and PAUL GLENNON, *individually and on behalf of all similarly situated individuals,*<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC. *and* FLOWERS BAKING CO. OF OXFORD, INC.,<br><br>Defendants. | No. 2:15-cv-06391-LS |
| LUKE BOULANGE, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>FLOWERS FOODS, INC. *and* FLOWERS BAKING CO. OF OXFORD, INC.,<br><br>Defendants. | No. 2:16-cv-02581-JD |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS**

Defendants Flowers Foods, Inc. ("Flowers") and Flowers Baking Co. of Oxford, Inc. ("Oxford") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to consolidate two related actions pending in this District, *Matthew Carr, et al. v. Flowers Foods, Inc. and Flowers Baking Co. of Oxford, Inc.*, No. 2:15-cv-06391-LS ("*Carr*") and *Luke Boulange v. Flowers Foods, Inc. and Flowers Baking Co. of Oxford, Inc.*, 2:16-cv-02581-JD ("*Boulange*"), pursuant to Federal Rule of Civil Procedure 42(a).

Although the *Carr* and *Boulange* cases were brought by separate counsel on behalf of different named Plaintiffs, both seek a judgment that Oxford's distributors were misclassified as independent contractors rather than employees for purposes of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and related state laws. Both cases assert putative FLSA collective action claims on behalf of the same group of people—namely, any person who performed work as a distributor under a Distributor Agreement with Oxford during the past three years.[1] Consequently, consolidation of these cases will promote judicial economy and preserve party resources by eliminating:

- ***Duplicative briefing.*** Barring consolidation, Defendants will be required to respond to two different motions for conditional certification of a putative FLSA collective action consisting of the same group of distributors.

- ***Duplicative opt-in notices.*** If both cases are conditionally certified as FLSA collective actions, Oxford's independent distributors will receive opt-in notices from two different Judges and two different sets of Plaintiffs' counsel regarding the same claim.

- ***Duplicative depositions and document discovery.*** Each named and opt-in Plaintiff defense witness could be subject to two full-length depositions regarding the same subject matter, and the parties could be subject to duplicative interrogatories and document requests.

- ***Inconsistent judgments.*** The cases could produce inconsistent judgments on the ultimate issue of whether some or all of Oxford's independent distributors were misclassified as independent contractors rather than employees under the FLSA.

[1] The *Boulange* Complaint purports to assert a putative collective action on behalf of any individuals "who, within the past three years, performed work in the United States as Distributors pursuant to a Distributor Agreement (or similar document) with Flowers Baking Co. of Oxford, Inc., Flowers Foods, Inc., and or any of their affiliated companies." (*Id.*, ¶ 19). Although framed as a national collective action, the *Boulange* Complaint is effectively limited to Oxford's independent distributors because (1) Flowers is not party to Distributor Agreements anywhere in the United States, and (2) no Flowers subsidiaries other than Oxford are named as Defendants in the case. (*Carr* Answers, *Carr* Docket Entries 13-14, ¶¶ 2, 17.)

Moreover, given that these cases both are at a very early stage of proceedings, the parties should be able to agree on the terms of a consolidation plan that does not create undue prejudice or inconvenience to any party. Accordingly, these actions are ideally suited for consolidation under Rule 42.[2]

In addition, if the Court grants Defendants' request to consolidate these actions, Defendants respectfully request that the Court order the parties to meet and confer regarding the terms of an amended case management schedule. Defendants also respectfully suggest that the *Boulange* matter be re-assigned to Judge Stengel, to whom the *Carr* matter is assigned, since Judge Stengel has already commenced case management proceedings in the first-filed *Carr* matter.

## **BACKGROUND**

### **A. The *Carr* Action**

On or about December 1, 2015, Plaintiffs Matthew Carr, Terry Carr, David Tumblin, and Gregory Brown (collectively, the "*Carr* Plaintiffs") commenced their case in this Court. (*Carr*, Doc. 1.) Plaintiffs and those individuals they seek to represent enter into "[D]istribut[or] [A]greements" with Oxford. (*Id.*, ¶¶ 19, 47.) In pertinent part, the *Carr* Plaintiffs allege that Defendants "employ" them to "deliver fresh baked goods and certain cake products to Defendants' customers" and engage in various merchandising services such as "stock[ing] the products on the store shelves" and assembling displays. (*Carr* Compl., Doc. 1, ¶¶ 1, 2, 7–12.) The *Carr* Plaintiffs allege they have been misclassified by Defendants as non-employees, and therefore have been denied, among other things, overtime premium wages for any hours worked

[2] Although both *Carr* and *Boulange* present the same putative collective action claims under the FLSA, nothing in this brief should be construed to suggest that either case is appropriate for conditional or final certification as a collective action under that statute. Defendants vehemently dispute that either case may be maintained as either a collective or class action.

beyond 40 in a given work week. (*Id.*, ¶¶ 41, 43.) The *Carr* Plaintiffs therefore seek unpaid overtime wages under the FLSA; declaratory relief under the FLSA and state laws; relief for various alleged violations of the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1, *et seq.*; relief under the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. § 3-401, *et seq.*, and the Maryland Wage Payment Collection Act ("MWPCA"), Md. Code, Lab. & Empl. § 3-501 *et seq.*; and, in the alternative, rescission of their Distributor Agreements and recovery of the alleged value of services rendered under the theory of unjust enrichment. (*Carr* Compl., Doc. 1.)

On or about February 8, 2016, Defendants filed their Answers denying the allegations in the *Carr* Complaint, (*Carr* Answers, Docket Entries 13, 14), and, on or about February 18, 2016, Defendants filed Amended Answers, (*Carr* Am. Answers, Docket Entries 18, 19.) Subsequently, on or about April 4, 2016, the Court entered a Scheduling Order that, in pertinent part, set the deadline for the completion of fact discovery as January 31, 2017, and the deadline for the completion of expert discovery as May 29, 2017. (*Carr*, Doc. 36.)

On April 1, 2016, the *Carr* Plaintiffs filed a motion seeking to conditionally certify, under the FLSA, a collective group of:

> All persons who are or have performed work as "Distributors" for Defendants under a "Distributor Agreement" with Flowers Baking Co. of Oxford, LLC or a similar written contract that they entered into during the period commencing three years prior to the commencement of this action through the close of the Court determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

(*Carr*, Doc. 35 at 1.)

However, prior to the deadline for Defendants to respond to the *Carr* Plaintiffs' motion for conditional certification, on or about April 25, 2016, the *Carr* Plaintiffs filed a motion

seeking leave to amend their Complaint to add claims under New York law and to add two new named Plaintiffs. (*Carr*, Doc. 40.) In highly relevant words to the foregoing motion, the *Carr* Plaintiffs argued that amendment of their Complaint was warranted because: the "proposed amendment causes no significant delays or prejudice to the Defendants [because d]iscovery has just commenced in this case and is scheduled to continue through January 2017"; and "the claims of the New York Distributors are essentially parallel to the claims asserted under Pennsylvania and Maryland law. Furthermore, because the New York Distributors work for the same Flowers subsidiary and are subject to the same policies and standards as the Pennsylvania and Maryland Distributors, much of the evidence gathered through discovery will be applicable to all of the Classes." (*Id.* at 2-3.)

On or about May 19, 2016, the Court granted the *Carr* Plaintiffs' request to amend their Complaint, and modified the briefing for the *Carr* Plaintiffs' motion for conditional certification of their FLSA claims. Specifically, the Court ordered that Plaintiffs re-file their motion for conditional certification by June 1, 2016 and established a briefing schedule such that the motion will be fully briefed by August 29, 2016. (*Carr*, Doc. 51.)

On or about May 19, 2016, the Court entered the *Carr* Plaintiffs' Amended Complaint, which contains the same factual allegations as their initial Complaint, while adding causes of action under the New York Labor Law ("NYLL") and adding New York distributors James Checca and Paul Glennon as named Plaintiffs. In the Amended Complaint, the *Carr* Plaintiffs broadly re-defined the scope of their putative collective and class actions as:

- [FLSA collective claims] "All persons who are or have performed work as 'Distributors' for either Defendant under a 'Distributor Agreement' or a similar written contract with Defendant Oxford Baking Co. that they entered into during the period commencing three years prior to the filing of this Complaint through the trial in this action. (*Carr* Am. Compl., Doc. 52, ¶ 48.)

- [PMWA/PWPCL class claims] "All persons who are or have performed work as 'Distributors' for Defendants in the State of Pennsylvania under a 'Distributor Agreement' or a similar written contract during the period commencing three years prior to the filing of this Complaint through the trial in this action." (*Id.*, ¶ 57.)

- [MWHL/MWPCA class claims] "All persons who are or have performed work as 'Distributors' for Defendants in the State of Maryland under a 'Distributor Agreement' or a similar written contract during the period commencing three years prior to the filing of this Complaint through the trial in this action." (*Id.*, ¶ 58.)

- [NYLL class claims] "All persons who are or have performed work as 'Distributors' for Defendants in the State of New York under a 'Distributor Agreement' or a similar written contract during the period commencing six years prior to the filing of this Complaint through the trial in this action." (*Id.*, ¶ 59.)

To date, the *Carr* Plaintiffs and the Defendants have exchanged limited written discovery and completed four depositions.

On June 1, 2016, the *Carr* Plaintiffs re-filed their motion for conditional certification of their FLSA claims, as directed by the Court's May 19, 2016 Order. (*Carr*, Doc. 51).

**B. The *Boulange* Action**

On or about March 25, 2016 – less than four months after the *Carr* Plaintiffs commenced their action – plaintiff Luke Boulange ("Boulange") commenced his case in the U.S. District Court for the District of New Jersey. (*Boulange* Compl., Doc. 1-1.) Like the *Carr* Plaintiffs, Boulange alleges that he and others who he purports to represent entered into Distributor Agreements with Defendants and were improperly classified as independent contractors rather than employees. (*Id.*, ¶¶ 12-15, 20, 21.)[3] In pertinent part, Boulange asserts that he and others were improperly classified as "non-employee 'contractors'" to "deliver Defendants' products to retail stores, place and organize the products on store shelves, and remove stale or rejected

[3] As with the *Carr* Plaintiffs, Defendants deny that the *Boulange* Plaintiffs entered into Distributor Agreement with Flowers. Rather, the Distributor Agreement is between the distributor and Oxford. (*Boulange* Answer, *Boulange* Doc.1-9, ¶¶ 11-12.)

products." (*Id.*, ¶¶ 9-12.) Boulange thus claims that he and others who he purports to represent were not paid overtime compensation, and were subjected to impermissible wage deductions. (*Id.*, ¶¶ 17, 18, 22, 30, 31, 34, 35, 39.)

Boulange asserts claims under the FLSA (Count I), the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a (Count II), and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1-4.4 (Count III). Boulange broadly defines the scope of his putative collective and class actions as:

- [FLSA collective claims] "all other individuals who, within the past three years, performed work in the United States as Distributors pursuant to a Distributor Agreement (or similar document) with Flowers Baking Co. of Oxford, Inc., Flowers Foods, Inc., and or any of their affiliated companies." (*Id.*, ¶ 19.)
- [NJWHL class claims]: "all other individuals who, within the past two years, performed work in New Jersey as Distributors pursuant to a Distributor Agreement (or similar document) with Flowers Baking Co. of Oxford, Inc., Flowers Foods, Inc., and or any of their affiliated companies." (Id., ¶ 21.)
- [NJWPL class claims]: "all other individuals who, within the past six years, performed work in New Jersey as Distributors pursuant to a Distributor Agreement (or similar document) with Flowers Baking Co. of Oxford, Inc., Flowers Foods, Inc., and or any of their affiliated companies." (Id., ¶ 22.)

On or about May 5, 2016, Defendants filed their Answer denying the allegations in the *Boulange* Complaint. (*Boulange* Answer, *Boulange* Doc. 1-9.)

On or about May 13, 2016, Defendants filed an unopposed motion seeking to transfer the *Boulange* action to this Court pursuant to the venue provision of Plaintiff Luke Boulange's Distributor Agreement. (*Boulange* Docket Entries 5-13, 5-15.) On or about May 24, 2016, Boulange responded to Defendants' motion by indicating that he did not oppose transfer of the case to the Eastern District of Pennsylvania. (*Boulange* Doc. 5-19.) Later that day, on May 24, 2016, District Judge Noel L. Hillman granted Defendants' motion and transferred the *Boulange*

action to this Court. (*Boulange* Doc. 5-21.) To date, no other substantive proceedings have occurred in the case.

## ANALYSIS

### A. Standard

Federal Rule of Civil Procedure 42(a) permits federal district courts to consolidate cases involving "a common question of law or fact." Fed. R. Civ. P. 42(a)(2).[4] Consolidation of cases under Federal Rule of Civil Procedure 42(a) "is at the discretion of the trial court and should be permitted where the consolidation of separate actions presenting common questions of law or fact will promote convenience and economy in judicial administration." *Estate of Fields v. Provident Life & Accident Ins. Co.*, No. 99-CV-4261, 2001 WL 818353, at *6 (E.D. Pa. July 10, 2001) (consolidating related cases "[t]he efficiency achieved by consolidation will far outweigh any inconvenience that may result therefrom") (citations omitted); *see also* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2381 (3d ed.) (objective of consolidation "is to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties"); *U.S. ex rel. Boise v. Cephalon*, 2014 WL 6676629, at *1 (E.D. Pa. Nov. 25, 2014) ("Consolidation is at the discretion of the trial court.") (citation omitted).

---

[4] *Carr* and *Boulange* share a "common question of law or fact" to the extent they both: (1) assert the same FLSA misclassification claims as a putative collective action against the same two defendants on behalf of the same group of independent distributors covering roughly the same time period; and (2) assert Rule 23 class actions against the same two defendants involving the same kinds of claims. This does not, however, imply that Oxford's independent distributors are "similarly situated" for purposes of certification as a collective action under the FLSA or that there is a common question that yields common answers and can be resolved in a single stroke under Rule 23.

It is well-established that "[c]onsolidation is only a matter of convenience and economy in administration." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999), *amended*, 199 F.3d 158 (3d Cir. 2000)). "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *Id*. Indeed, "Rule 42(a) grants the court broad discretion to consolidate actions in order to 'facilitate the administration of justice.'" *In re Sterling Fin. Corp. Sec. Class Action*, No. CIV.A. 07-2171, 2007 WL 4570729, at *1–2 (E.D. Pa. Dec. 21, 2007) (Stengel, J.) (quoting *Smithkline Beecham Corp. v. Geneva Pharmaceuticals, Inc.*, 2001 U.S. Dist. LEXIS 17434, 18-19 (D. Pa. 2001)) (ordering consolidation of cases under FRCP 42(a) where it would "facilitate the administration of justice and promote judicial economy without any foreseeable prejudice" by streamlining the litigation and avoiding unnecessary, repetitive filings, and where separate actions would "inevitably result in the waste judicial resources and create administrative confusion for both the court and the parties"). "When exercising its broad discretion as to whether consolidation is appropriate, the court must balance the potential for prejudice, expense, or confusion against the benefits of judicial economy." *Toribio v. Spece*, 2012 WL 4867254, at *2 (M.D. Pa. Oct. 12, 2012) (granting motion to consolidate actions because "[t]he factual distinctions between these cases are very limited and do not conflict so as to make separate trials necessary. Consolidation will promote the interests of efficiency and judicial economy."). Under this standard, consolidation of the *Carr* and *Boulange* actions is warranted.

### B. Consolidation Is Appropriate and Will Promote Efficient Management and Judicial Economy

As described above, consolidation of the *Carr* and *Boulange* actions will promote substantial efficiency and judicial economy and will avoid the risk of inconsistent legal and

factual determinations. Both the *Carr* Plaintiffs and Plaintiff in *Boulange* were engaged pursuant to Distributor Agreements with Oxford. Both the *Carr* Plaintiffs and Plaintiff in *Boulange* allege that they have been misclassified by Defendants as non-employees, and therefore have been denied, among other things, overtime premium wages. Both the *Carr* Plaintiffs and Plaintiff in *Boulange* seek to proceed as collective and class actions on behalf of themselves and others they purport to represent. With respect to their FLSA claims, both the *Carr* Plaintiffs and Plaintiff in *Boulange* seek to conditionally certify the same group of Distributors. Notably, should the Court certify either or both cases as a collective action, then the *Carr* Plaintiffs are potential members of the *Boulange* action, and the *Boulange* Plaintiffs are potential members of the *Carr* action.

For case management purposes, any differences between the *Carr* and *Boulange* actions are minimal. Indeed, the only substantive difference between the cases is that *Carr* alleges claims and purported classes under Pennsylvania, Maryland and New York law, whereas *Boulange* alleges claims and purported class under New Jersey law. These state law differences do not undermine consolidation. As the *Carr* Plaintiffs recently argued in their motion to amend their Complaint, their New York claims "are essentially parallel to the claims asserted under Pennsylvania and Maryland law." (*Carr*, Doc. 40, at 2-3.) In other words, there is simply no reason to conclude that proceeding as one action with FLSA claims plus Pennsylvania, Maryland, New York, and New Jersey claims will be any more difficult to manage than as two separate actions. Even if such laws present slightly different statutory frameworks, any "[d]ifferences in causes of action . . . or the class period"—which in this case are minimal and/or non-existent—"do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation." *Simmons v. Spencer*, No. 13-cv-8216, 2014 WL 1678987, at

*2 (S.D.N.Y. Apr. 25, 2014). Here, the similarities between *Carr* and *Boulange* vastly outweigh the differences, thus making the cases ripe for consolidation.

Further, the very early stages of the *Carr* and *Boulange* cases warrants consolidation. *In re Sterling Fin. Corp. Sec. Class Action*, 2007 WL 4570729, at *2 (E.D. Pa. Dec. 21, 2007) (consolidating at an early stage would "facilitate the administration of justice and promote judicial economy without any foreseeable prejudice"); *AMTRAK v. Camargo Trucking*, 2013 WL 101811, at *3 (E.D. Cal. Jan. 8, 2013) ("Due to the relatively early procedural stages of both cases, no prejudice or delay would result from consolidation."). The fact discovery deadline in *Carr* is not until January 2017, and the expert discovery deadline is not until May 2017; and the Court has not yet entered a case management schedule in *Boulange*. Moreover, the only substantive steps that have been taken in either case is that the *Carr* Plaintiffs have filed their motion seeking conditional certification – with the motion not being fully briefed until August 29, 2016 – as well as limited discovery in *Carr*.

Consolidation will also allow much greater efficiency in discovery. Without consolidation, the Plaintiffs and the Defendants' witnesses may be required to submit to duplicative depositions, covering the same ground and causing significant disruption to their work and inconvenience. In addition, absent consolidation, significant duplicative and unnecessary expenses will be incurred.

Should the cases not be consolidated, the parties and the Court will be forced to manage two parallel and overlapping actions – which will cause a significant waste of judicial and party resources, not to mention raising the significant risk of inconsistent findings of fact. In sum, consolidation will prevent duplicative discovery, depositions, and briefing, which significantly outweighs any minimal inconvenience, expense or delay. Under these circumstances, Courts

within the Third Circuit have repeatedly recognized that consolidation of overlapping putative FLSA collective actions is appropriate. *Haag v. Janney Montgomery Scott, LLC*, No. CIV A 06-5634, 2007 WL 1240206, at *1-2 (E.D. Pa. Apr. 26, 2007) (ordering consolidation of putative FLSA collective actions under FRCP 42(a)); *Alvarez v. Gold Belt, LLC*, No. CIV. 08-4871NLHKMW, 2009 WL 1473933, at *2 (D.N.J. May 26, 2009) (ordering consolidation of putative FLSA collective actions under FRCP 42(a), noting that it is an "effective tool for handling similar actions); *Swank v. Wal-Mart Stores, Inc.*, No. 2:13-cv-01185, 2015 WL 1508403, at *4 n.8 (W.D. Pa. Mar. 31, 2015) (noting that, upon closing of the pleadings, collective action misclassification case under FLSA should be consolidated with state law misclassification case brought as a class action under FRCP 23).

**C. The Court Should Order The Parties To Meet And Confer About Whether The Case Management Schedule Should Be Amended**

If the Court grants this motion for consolidation, Defendants respectfully request that it enter an order requiring the parties to meet and confer about whether the existing case management order should be revised and, if so, to submit a revised case management plan to the Court.

Defendants also respectfully suggest that the *Boulange* matter be re-assigned to Judge Stengel, to whom the *Carr* matter is assigned, since Judge Stengel has already commenced case management proceedings in the first-filed *Carr* matter.

**MEET AND CONFER STATEMENT**

Although the local rules do not require the Parties to meet and confer regarding motions of this nature, Defendants have attempted to avoid unnecessary motions practice by asking counsel for Plaintiffs in both *Carr* and *Boulange* whether they would agree to consolidation. On June 3, 2016, counsel for the *Boulange* Plaintiffs stated that they would agree to "coordination"

of the cases and would need to give further thought to whether they would agree to consolidation. On June 9, 2016, counsel for the *Carr* Plaintiffs indicated that they were "not per se opposed to consolidation" but could not determine their position without seeing the motion. Consequently, Defendants are treating this motion as opposed.

**CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court consolidate the *Carr* and *Boulange* actions; re-assign the *Boulange* matter to Judge Stengel; order the parties to meet and confer over whether there should be a further amended case management schedule in light of a consolidation order; and award such other relief as the Court deems just and proper.

Dated: June 13, 2016

Respectfully submitted,

**OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C.**

By: *\/s/ Julie A. Donahue*

Clark Whitney (PA 201052)
Julie A. Donahue (PA 203347)
1735 Market Street, Suite 3000
Philadelphia, Pennsylvania 19103
T: (215) 995-2800
F: (215) 995-2801
clark.whitney@ogletreedeakins.com
julie.donahue@ogletreedeakins.com

Michael J. Murphy
(*admitted pro hac vice in Carr*)
Christopher E. Humber
(*admitted pro hac vice in Carr*)
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
T: (202) 887-0855
F: (202) 887-0866
michael.murphy@ogletreedeakins.com
chris.humber@ogletreedeakins.com

Mark Diana
(*admitted pro hac vice in Boulange*)
Robin Koshy
(*admitted pro hac vice in Boulange*)
10 Madison Avenue, Suite 400
Morristown, New Jersey 07205
T: (973) 656-1600
mark.diana@ogletreedeakins.com
robin.koshy@ogletreedeakins.com

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2016, a copy of the foregoing was filed with the ECF system of the United States District Court for the Eastern District of Pennsylvania, which will give notice to the following counsel of record:

**Counsel for the Plaintiffs in *Carr*:**

Charles E. Schaffer, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Suite 500
Philadelphia, Pennsylvania 19106
(215) 592-1500
cschaffer@lfsblaw.com

Shawn J. Wanta, Esq.
Patricia A. Bloodgood, Esq.
Christopher D. Jozwiak, Esq.
BAILLON THOME JOZWIAK & WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, Minnesota 55402
(612) 252-3570
sjwanta@baillonthome.com
pabloodgood@baillonthome.com
cdjozwiak@baillonthome.com

Susan E. Ellingstad, Esq.
Rachel A. Kitze Collins, Esq.
Brian D. Clark, Esq.
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55402
(612) 339-6900
seellingstad@locklaw.com
rakitzecollins@locklaw.com
bdclark@locklaw.com

Gordon Rudd, Esq.
David M. Cialkowski, Esq.
ZIMMERMAN REED PLLP
111 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
(612) 341-0400
Gordon.Rudd@zimmreed.com
David.Cialkowski@zimmreed.com

**Counsel for the Plaintiffs in *Boulange*:**

Peter D. Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com
mgottesfeld@winebrakelaw.com

*/s/Julie A. Donahue*
Julie A. Donahue (PA 2033347)
1735 Market Street, Suite 3000
Philadelphia, PA 19103
T: (215) 995-2800
F: (215) 995-2801
julie.donahue@ogletreedeakins.com

25116409.1