# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW CARR, TERRY CARR, DAVID TUMBLIN, and GREGORY BROWN, individually and on behalf of all similarly situated individuals,<br>        Plaintiffs, | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : | No. 15-6391 |
| FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF OXFORD, LLC,<br>        Defendants. | : <br> : <br> : <br> : | |
| LUKE BOULANGE, on behalf of himself and all others similarly situated,<br>        Plaintiffs | : <br> : <br> : <br> : <br> : | |
| v. | : | No. 16-2581 |
| FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF OXFORD, LLC,<br>        Defendants. | : <br> : <br> : <br> : | |

## MEMORANDUM

STENGEL, J.                                                                                                   January 9, 2017

The plaintiffs in this employment case have filed a Motion for Conditional Certification pursuant to the Fair Labor Standards Act. They allege that the defendants, Flower Foods, Inc. and Flower Baking Co. of Oxford, LLC, misclassified their bakery distributor drivers as independent contractors, thereby depriving them of the overtime pay to which they are entitled under the FLSA. I find that the plaintiffs have shown, by a preponderance of the evidence, that

the group for which they seek conditional certification contains similarly situated individuals. I will therefore grant the plaintiffs' motion for conditional certification.

## I. FACTUAL BACKGROUND[1]

Defendant Flower Foods is a corporation that develops and markets bakery products for national sale and distribution through its network of subsidiaries. Defendant Flower Baking Co. of Oxford bakes products for distribution in a certain geographic region and operates as Flower Foods' local sales and distribution force.

The plaintiffs are bakery distributors who pick up baked goods from one of the Oxford warehouses and deliver them to retailers and restaurants. As distributors, the plaintiffs "purchase" the right to distribute certain bakery and snack food products to the defendants' customers in a defined territory, pursuant to the terms of a "Distributor Agreement" that all distributors must sign. The plaintiffs assert that these agreements are substantially similar in all respects, and that, even though under these agreements the distributors are classified as independent contractors, in practice their adherence to the terms of the distributor agreements renders them employees for purposes of the overtime pay protections of the Fair Labor Standards Act.

## II. DISCUSSION

The plaintiffs seek conditional certification pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Section 216(b) provides that an employee may bring a suit regarding minimum-wage, maximum-hour, and overtime violations against the employer individually, or,

---

[1] The factual background for this Memorandum is based on the plaintiffs' amended complaint as well as the briefs the parties filed in connection with the plaintiffs' motion for conditional certification.

collectively on behalf of other "similarly situated" employees.[2] Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1527 (2013). Those employees must affirmatively opt in to a collective action by filing written consent with the court if they wish to become parties to a collective action. Id.

The Third Circuit Court of Appeals has adopted a two-step process for deciding whether an action may properly proceed as a collective action under FLSA. Camsei v. University of Pittsburgh Medical Center, 729 F.3d 239 (3d Cir. 2013) (citing and quoting Zavala v. Wal Mart Stores, Inc., 691 F.3d 527 (3d Cir. 2012)). At the first step, the plaintiffs have the burden to show, by a preponderance of the evidence, that the parties are "similarly situated." The district court will make a finding of fact regarding whether the members are "similarly situated" and, if the plaintiffs meet their burden, the court will conditionally certify the collective action for purposes of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery. Zavala, 691 F.3d at 534; Camesi, 729 F.3d at 243. "At the second stage, with the benefit of discovery, 'a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff.'" Camesi, 729 F.3d at 243 (quoting Symczyk v. Genesis Healthcare Corp., 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, Symczyk, 133 S. Ct. 1523, 1526 (2013)).

Courts apply a "fairly lenient standard" in making a preliminary determination about whether the named plaintiffs have made a "modest factual showing" that the employees identified in the complaint are "similarly situated." Camesi, 729 F.3d at 243 (quoting Zavala, 691 F.3d at 535–36, 536 n.4). Relevant factors regarding the "similarly situated" analysis include, but are not limited to, whether the plaintiffs (1) are employed in the same department,

---

[2] Specifically, § 216(b) states that "[a]n action to recover the liability prescribed . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

3

division, and location; (2) advance similar claims; (3) seek substantially the same form of relief; and/or (4) have similar salaries and circumstances of employment. Zavala, 691 F.3d at 536–37.

Ultimately, under this "modest factual showing" standard, "a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected him/her and the manner in which it affected other employees." Zavala, 691 F.3d at 536 n.4 (quoting Symczyk, 656 F.3d at 193) (additional citation and quotation marks omitted). The Third Circuit has noted that "[b]eing similarly situated does not mean simply sharing a common status, like being an illegal immigrant. Rather, it means that one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." Zavala, 691 F.3d at 538.

I will first address whether the proposed class of opt-in plaintiffs are similarly situated, and then address the proposed form of notice that the plaintiffs requested.

### A. The Proposed Class

The plaintiffs' proposed class consists of the following members:

> All persons who are or have performed work as "Distributors" for either Defendant under a "Distributor Agreement" or a similar written contract with Defendant Oxford Baking Co. that they entered into during the period commencing three years prior to the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

(Pls.' Mem. Supp. Mot. Conditional Certification 3.)

According to the plaintiffs, as distributors they (1) share the same job title, responsibilities, training, and performance standards; (2) are subject to detailed sales contracts for every grocery chain and food service account, such that the defendants control every aspect of the distribution process (price, quantity, service levels, sales, advertisements, promotions,

marketing, stale product handling, delivery procedures, discipline, customer service, etc.); (3) routinely work more than 40 hours per week; (4) are classified as independent contractors; and (5) were not paid overtime for hours worked in excess of 40 hours per week. (See Pls.' Mem. Supp. Mot. Conditional Certification 14; Pls.' Reply 3–12.) The plaintiffs further assert that the distributor agreements are uniform and identical in all material respects, and that therefore the distributors all "adhere to and are the victim of [the defendants'] single decision, policy or plan manifested in the terms of the Distributor Agreements and the Field Orientation Manual," and are also subject to discipline or termination for failure to comply with those standards. (Pls.' Mem. Supp. Mot. Conditional Certification 14–15.) Having reviewed the plaintiffs' briefs and exhibits, and having heard the arguments of plaintiffs' counsel, I am satisfied that the plaintiffs have made a modest factual showing that they are similarly situated.[3] I will therefore grant the plaintiffs' motion for conditional certification.

### B. Proposed Form of Notice

With respect to the form of notice to potential plaintiffs, "[d]istrict courts retain the discretion to facilitate the notice process." Drummond v. Herr Foods Inc., No. Civ.A. 13-5991, 2015 WL 894329, at *5 (E.D. Pa. Mar. 2, 2015) (citing Hoffmann–La Roche v. Sperling, 493 U.S. 165, 169, (1989)). I will impose certain conditions on the time limits and provision of the

---

[3] I have also reviewed and considered the arguments against conditional certification that were set forth in the defendants' briefing and presented by the defendants' counsel at oral argument. The issues that the defendants raise are more appropriate for consideration at the second step of the conditional certification process, when I must consider "whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." Camesi, 729 F.3d at 243 (internal citation and quotation marks omitted). Accordingly, I do not address those issues in this Memorandum.

notice as outlined in the Order accompanying this Memorandum.[4] I will also order the parties to meet and confer regarding the appropriate form and content of the notice.

## III. CONCLUSION

In light of the foregoing, I find that the plaintiffs have made a modest factual showing that the proposed group of opt-in plaintiffs contains similarly-situated individuals. The plaintiffs' motion for conditional certification is therefore granted.

An appropriate Order follows.

---

[4] The defendants argue that notice should be limited to the locations where the named or opt-in plaintiffs who have already submitted declarations operate. (Defs.' Resp. Opp'n to Mot. Conditional Certification 42.) At this stage, based on the distributor agreements, declarations, and other exhibits submitted thus far, as well as the fact that the distributors who will receive notice all work as distributors for the same Flower Foods subsidiary, I decline to impose the defendants' proposed limitations with respect to the locations that will receive notice.